**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

LAND OF LAND, INC.

              *Plaintiff*,

      v.

PAYPAL, INC.

              *Defendant*.

No. 1:22-cv-00261-NLH-EAP

**OPINION**

---

**APPEARANCES**

Wolfgang Heimerl, Esq.
Robert J. Kinney, Esq.
Heimerl Law Firm
32 Dumont Road, P.O. Box 964
Far Hills, New Jersey 07931
    *Attorneys for Plaintiff*.

Kelly Lloyd Lankford, Esq.
Dentons U.S. LLP
101 JFK Parkway
Short Hills, New Jersey 07078

Deborah Renner, Esq.
Dentons U.S. LLP
1221 Avenue of The Americas
New York, NY 10020-1089
    *Attorneys for Defendant.*

**HILLMAN**, District Judge

    This matter is presently before the court by way of PayPal, Inc.'s Motion to Compel Arbitration or in the Alternative, to Dismiss Plaintiff's Amended Complaint (ECF No. 15).  For the reasons expressed below, Defendant's Motion to Compel Arbitration will be granted.

## BACKGROUND

Plaintiff is in the business of buying and selling land across the United States. (Am. Compl. ¶ 4.) On May 18, 2020, Plaintiff entered into a User Agreement for the use of Defendant's services for Plaintiff's business-related transactions. (Am. Compl. ¶ 5.) Within the User Agreement was an "Agreement to Arbitrate" provision, which read as follows:

> Agreement to Arbitrate
>
> You and PayPal agree that any claim or dispute at law or equity that has arisen or may arise between us will be resolved in accordance with the Agreement to Arbitrate provisions set forth below. Please read this information carefully. Among other things it:
>
> • Affects your rights and will impact how claims you and we have against each other are resolved.
>
> • Includes a Prohibition of Class and Representative Actions and Non-Individualized Relief pursuant to which you agree to waive your right to participate in a class action lawsuit against us.
>
> • ***Requires you to follow the Opt-Out Procedure to opt-out of the Agreement to Arbitrate by mailing us a written notice and the opt-out notice must be postmarked no later than 30 days after the date you accept this user agreement for the first time.***
>
> If a dispute arises between you and PayPal, acting as either a buyer or a seller, our goal is to learn about and address your concerns. If we are unable to do so to your satisfaction, we aim to provide you with a neutral and cost effective means of resolving the dispute quickly. Disputes between you and PayPal regarding the PayPal services may be reported to customer service online through the PayPal Help Center at any time, or by calling (888) 221-1161 from Mon-Fri

2

5:00 AM to 10:00 PM PT and Sat-Sun 6:00 AM to 8:00 PM
PT.

* * * *

You and PayPal each agree that any and all disputes or
claims that have arisen or may arise between you and
PayPal, including without limitation federal and state
statutory claims, common law claims, and those based
in contract, tort, fraud, misrepresentation or any
other legal theory, shall be resolved exclusively
through final and binding arbitration, rather than in
court, except that you may assert claims in small
claims court, if your claims qualify and so long as
the matter remains in such court and advances only on
an individual (non-class, nonrepresentative) basis.
This Agreement to Arbitrate is intended to be broadly
interpreted. The Federal Arbitration Act governs the
interpretation and enforcement of this Agreement to
Arbitrate.

(ECF No. 15-3 at 48-50) (emphasis added).[1]

The Opt-Out Procedure provided for in the Agreement to

Arbitrate reads as follows:

**Opt-Out Procedure** If you are a new PayPal customer,
you can choose to reject this Agreement to Arbitrate
by mailing us a written opt-out notice. The opt-out
notice must be postmarked no later than 30 days after
the date you accept this user agreement for the first
time.
You must mail the opt-out notice to PayPal, Inc.,
Attn: Litigation Department, 2211 North First Street,
San Jose, CA 95131. For your convenience, we are
providing an opt-out notice form you must complete

---

[1] Defendant has attached the User Agreement to its motion.  A
court may consider "an undisputedly authentic document that a
defendant attaches as an exhibit to a motion to dismiss if the
plaintiff's claims are based on the document." Pension Benefit
Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196
(3d Cir. 1993).  The User Agreement further provides "the laws
of the State of Delaware, without regard to principles of
conflict of laws, will govern this user agreement and any claim
or dispute that has arisen or may arise between you and PayPal."
(ECF No. 15-3 at 58.)  Accordingly, this Court will apply
Delaware law.

and mail to opt out of this Agreement to Arbitrate. You must complete this form by providing all the information it calls for, including your name, address, phone number, and the email address(es) used to log in to the PayPal account(s) to which the opt-out applies. You must sign the opt-out notice for it to be effective. This procedure is the only way you can opt out of the Agreement to Arbitrate. If you opt out of this Agreement to Arbitrate, all other parts of the user agreement will continue to apply. Opting out of this Agreement to Arbitrate has no effect on any previous, other, or future arbitration agreements that you may have with us.

(ECF No. 15-3 at 54-55.)

On March 11, 2021, Defendant began limiting Plaintiff's ability to send and withdraw money from its account.  On May 2, 2021, Defendant ultimately terminated its business relationship with Plaintiff, stating via email:

After a review, we decided to permanently limit your account as there was a change in your business model or your business model was considered risky. This could be due to how and when items or services were sold and delivered and your inventory management.

(Am. Compl. ¶ 9.)

At the time Plaintiff's account was blocked by Defendant, Plaintiff had a balance of $95,766.50 "available" to it. (Am. Compl. ¶ 12.)  Plaintiff has since been unable to access any of the balance.  (Am. Compl. ¶ 12.)

## DISCUSSION

### I.   Subject Matter Jurisdiction

This matter is before the Court pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity between the parties.

Defendant and Plaintiff are both corporations and are citizens of Delaware and California, and Wyoming and New Jersey, respectively.  (ECF No. 6 at 2.)

## II.   **Standard of Review**

The Federal Arbitration Act (FAA) provides that a written arbitration provision contained in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Under the FAA, a private arbitration agreement is enforceable if: (1) a valid arbitration agreement exists between the parties; and (2) the dispute before it falls within the scope of the agreement.  Flintkote Co. v. Aviva PLC, 769 F.3d 215, 220 (3d Cir. 2014); see also Johnson v. Ace Cash Express, Inc., C.A. No. 13-1186, 2014 U.S. Dist. LEXIS 100857, at *5 (D. Del. July 24, 2014) (same).

"[C]ourts apply a 'presumption of arbitrability' when construing the scope of arbitration clauses." Lloyd v. MBNA Am. Bank, N.A., 27 F. App'x 82, 85 (3d Cir. 2002).  Similarly,

> Public policy favors the broad enforcement of arbitration provisions and courts, in deciding the question of arbitration, should follow the advice that any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration, and once it is determined that a claim is arbitrable, the Court may not delve any further into the dispute[.]

<u>Douty v. Nationwide Mut. Ins. Co.</u>, Civil Action No. 85-27, 1987
U.S. Dist. LEXIS 4921, at *6 (D. Del. June 4, 1987).

Depending on the circumstances, a court considering a
motion to compel arbitration may apply a motion to dismiss or
motion for summary judgment standard.  If, as is the case here,
the face of the Complaint and any documents relied on in the
Complaint clearly show that a party's claim is subject to an
enforceable arbitration clause, the court will use a "Rule
12(b)(6) standard without discovery's delay."  <u>Guidotti v. Legal
Helpers Debt Resolution, L.L.C.</u>, 716 F.3d 764, 777 (3d Cir.
2013)(cleaned up).

**III. <u>Analysis</u>**

Plaintiff herein seeks to avoid arbitration by arguing the
arbitration provision contained within the User Agreement
constitutes an unenforceable contract of adhesion.  (ECF No. 16
at 4.)  Specifically, Plaintiff asserts the provision was not
"bargained for" and is unconscionable.  (ECF No. 16 at 4-7.)

It is well established that:

> "An adhesion contract is a standardized contract
> written entirely by a party with superior bargaining
> power, leaving the weaker party in a 'take-it-or-
> leave-it' position." <u>Cubic Corp. v. Marty</u>, 185 Cal.
> App. 3d 438, 449, 229 Cal. Rptr. 828 (Ct. App. 4th
> Dist. 1986). "In the characteristic adhesion contract,
> the stronger party has drafted the contract and given
> the weaker party no opportunity to negotiate its term
> and the weaker party may have no realistic opportunity
> to look elsewhere for a more favorable contract, but
> must adhere to the standardized agreement." <u>Id</u>.

6

> However, a contract is not adhesive when the party claiming adhesion had the requisite experience in dealing in this type of contract, and was free to walk away from it and not deal with the other party to the contract, or was free to bargain for better terms. Progressive Int'l Corp. v. E.I. du Pont de Nemours & Co., 2002 Del. Ch. LEXIS 91, 2002 WL 1558382 (July 9, 2002).

Yellow Book United States v. Sullivan, C.A. No. 1999-02-046, 2003 Del. C.P. LEXIS 15, at *15-16 (New Castle C.P. Feb. 20, 2003).

In other words, "contracts are not ones of adhesion [when] the very terms at issue — the arbitration clauses — were optional, i.e., they were not presented on a take-it-or-leave-it basis." Chassen v. Fid. Nat'l Fin., Inc., 836 F.3d 291, 307 (3d Cir. 2016). Moreover, "unequal bargaining power is not alone enough to make an agreement to arbitrate a contract of adhesion." Brennan v. CIGNA Corp., 282 F. App'x 132, 136 (3d Cir. 2008).

Of particular significance to this case, is the fact that while . . .

> Delaware law allows a court to rescind a contract on the grounds of unconscionability[,] [] the Delaware Supreme Court has held that mere disparity between the bargaining power of parties to a contract will not support a finding of unconscionability. Instead, in order for a court to find unconscionability, the party with the superior bargaining power [must have] used it to take advantage of his weaker counterpart by drafting terms that are so one-sided as to be oppressive.

Johnson v. Tele-Cash, Inc., Civil Action No. 99-104, 1999 U.S.

Dist. LEXIS 20653, at *20 n.5 (D. Del. Dec. 29, 1999) (cleaned up).

"Delaware's public policy strongly favors arbitration unless the parties did not contractually agree to arbitrate." CLP Toxicology, Inc. v. Casla Bio Holdings LLC, C.A. Nos. 2018-0783-PRW, 2019-0401-PRW, and C.A. No. N18C-10-332 PRW CCLD, 2021 Del. Ch. LEXIS 131, at *23 (Del. Ch. June 24, 2021).  To that end,

> [T]the sole question a court confronted with a valid
> arbitration clause should answer is "whether the
> parties should be arbitrating at all. . . ."  To
> determine an arbitration clause's validity, the Court
> starts with the contract's text.  An arbitration
> clause is presumptively valid unless it is ambiguous
> or does not clearly indicate an intention to
> arbitrate. Doubt as to the parties' intentions,
> however, ordinarily is resolved in favor of
> arbitration.  And if the enforceable arbitration
> clause is "broad in scope," the Court "will defer to
> arbitration on any issues that touch on contract
> rights or contract performance" "so far as the series
> of obligations set forth in the underlying agreement."

Mikkilineni v. PayPal, Inc., C.A. No. N19C-05-123 PRW CCLD, 2021 Del. Super. LEXIS 499, at *23 (Del. Super. Ct. July 1, 2021) (cleaned up).

Without any relevant legal authority to support its position, Plaintiff argues "[e]ven though the Plaintiff did not exercise its privilege to opt-out, this does not make the contraction in the Agreement language somehow valid or negate its inconsistency."  (ECF No. 16 at 7.)

When challenged on this same basis, PayPal's arbitration provision has been found to be valid and enforceable by a court applying Delaware law:

> The dispute raised by [Plaintiff]'s opposition is whether the arbitration agreement is valid and enforceable.  [Plaintiff] argues that the arbitration agreement is unconscionable under Delaware law and therefore unenforceable.  [Plaintiff] complains that PayPal, the entity with superior bargaining power, unilaterally drafted the {User Agreement ("UA")] and the arbitration agreement.
>                     * * * *
> PayPal says that its UA is an enforceable clickwrap agreement under Delaware law.  PayPal contends that the individual provisions as not unconscionable, pointing to Delaware case law rejecting [Plaintiff]'s arguments that similar provisions in other contracts are unconscionable.
>
> The Court agrees with PayPal that the arbitration agreement is valid and enforceable.  First, the arbitration agreement is part of a valid clickwrap agreement under Delaware law.  "A clickwrap agreement is an online agreement that requires a 'webpage user [to] manifest assent to the terms of a contract by clicking an 'accept' button in order to proceed.'" Massage Envy Franchising, 2020 Del. Super. LEXIS 3021, 2020 WL 7624620, at *2 (quoting Newell Rubbermaid Inc. v. Storm, 2014 Del. Ch. LEXIS 45, 2014 WL 1266827, at *1 (Del. Ch. Mar. 27, 2014)). "Clickwrap agreements are routinely recognized by courts and are enforceable under Delaware law" Id. (citing Newell Rubbermaid, 2014 Del. Ch. LEXIS 45, 2014 WL 1266827, at *1).  The agreement here is a clickwrap agreement.  To proceed with creating a PayPal account, [Plaintiff] needed to (1) check a box indicating that he had "read and agree[d] to the User Agreement," and then (2) click a large blue button labeled "Agree and Create Account." [Plaintiff] was required to click two items indicating his assent to the UA.  The UA was thus a presumptively valid clickwrap agreement containing an arbitration clause.
>
> A contract provision is unconscionable under Delaware

law only if "no man in his senses and not under
delusion would make [it] on the one hand, and as no
honest or fair man would accept [it], on the other."
Tulowitzki v. Atlantic Richfield Co., 396 A.2d 956,
960 (Del. 1978).  Ignoring the outdated language of
the Delaware test, this formulation has been divided
into procedural unconscionability—the lack of a
meaningful choice—and substantive unconscionability—
unreasonably favorable terms to one party. Progressive
Int'l Corp. v. E.I. Du Pont de Nemours & Co., 2002
Del. Ch. LEXIS 91, 2002 WL 1558382, at *11 n.46 (Del.
Ch. Jul. 9, 2002).  It is [Plaintiff]'s burden to
prove unconscionability. Harris v. Green Tree Fin.
Corp., 183 F.3d 173, 181 (3d Cir. 1999).
                              * * * *
[Plaintiff] [ ]complains that PayPal unilaterally
drafted the UA and has superior bargaining power to
him.  But "[u]nequal bargaining power, without more,
is insufficient to hold an arbitration agreement
unconscionable." Wells v. Merit Life Ins. Co., 671 F.
Supp. 2d 570, 574 (D. Del. 2009); see also Mikkilineni
v. PayPal, Inc., 2021 Del. Super. LEXIS 499, 2021 WL
2763903, at *12 (Del. Super. Ct. Jul. 1, 2021 ("An
otherwise clear intent to arbitrate will not be
invalidated merely because a party did not negotiate
the arbitration provision or participate in its
drafting.").
                              * * * *
The arbitration clause is accordingly not procedurally
unconscionable.

Tingyu Cheng v. Paypal, Inc., Case No. 21-cv-03608-BLF, 2022

U.S. Dist. LEXIS 7245, *7-10, 12 (N.D. Cal. Jan. 13, 2022).

     Importantly, a "Plaintiff['s] failure to establish

procedural unconscionability eliminates the need to consider

substantive unconscionability."  Maxwell v. Cellco P'ship, Civil

Action No. 19-152-RGA, 2019 U.S. Dist. LEXIS 188816, at *19 (D.

Del. Oct. 30, 2019).

Plaintiff claims here the contract at issue is unconscionable because he had no opportunity to "negotiate" its terms. (ECF No. 16 at 4.)  Therefore, as in <u>Cheng</u>, Plaintiff is making a procedural unconscionability argument.  But there is no procedural unfairness here.  By the very terms of the User Agreement, Plaintiff, a corporation presumably run by an individual or individual with experience in contract negotiations and substantial and sophisticated enough to require the services of internet payment vendor, had the opportunity to reject the arbitration provision not once – upon signing - but twice – during the 30 day rejection period.  In the language of the <u>Yellow Book United States</u> case cited above, Plaintiff cannot assert adhesion "when [it] ... had the requisite experience in dealing in this type of contract, and was free to walk away from it and not deal with the other party to the contract, or was free to bargain for better terms." <u>Yellow Book United States v. Sullivan</u>, 2003 Del. C.P. LEXIS 15, at *15-16.

In view of the foregoing precedents, this Court finds Plaintiff's argument that the subject Agreement to Arbitrate is unconscionable to be without merit. <u>See</u> <u>Mikkilineni</u>, 2021 Del. Super. LEXIS 499 at *24 ("An otherwise clear intent to arbitrate will not be invalidated merely because a party did not negotiate the arbitration provision or otherwise participate in its

drafting.")[2]  Accordingly, its claims against Defendant for fraud, unlawful conversion, unjust enrichment, and breach of contract are not properly before this Court.  See Ashe v. Blenheim Homes, L.P., C. A. No.: 06C-07-204 (CLS), 2007 Del. Super. LEXIS 500, at *10-11 (Del. Super. Ct. March 12, 2007) (concluding binding arbitration agreement prohibited court from assessing the merits of contract, negligence and fraud claims filed in Superior Court by Plaintiff in an effort to bypass arbitration proceedings).

### CONCLUSION

For the reasons expressed above, Defendant's Motion to Compel Arbitration or in the Alternative, to Dismiss Plaintiff's Amended Complaint (ECF No. 15) will be granted.[3]

An appropriate Order will be entered.

Date: 3/21/23                    /s/ Noel L. Hillman, J.
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[2] Plaintiff also takes issue with the Limitation of Liability provision of the Agreement, claiming it is "at odds" with what a court could award.  However, this provision clearly specifies that it applies only "to the extent permitted by applicable law." (ECF No. 16 at 6.)  This argument is without merit.

[3] In its Response, Plaintiff states "Dismissal of the Plaintiff's action should not be ordered until the court has determined that the arbitration clause itself is valid." (ECF No. 16 at 7.) Because this Court has determined the arbitration clause is valid and neither party requests that the court stay the action pending arbitration, the case will be dismissed. See Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004)("[T]he plain language of [9 U.S.C.] § 3 affords a district court no discretion to dismiss a case *where one of the parties applies for a stay pending arbitration*.") (emphasis added).